## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CLIFTON JEREL JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.12-2486-KHV-DJW** |
| | ) | |
| **STATE OF KANSAS,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This matter comes before the Court on the Motion to Stay Discovery (ECF No. 13) filed by Defendants the State of Kansas, the District Court of Saline County, and the Department of Social and Rehabilitation Services (the "State Defendants"). Defendants move for a stay of all Rule 26-related activities, including the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to 26(a)(1), the scheduling conference, discovery, and all other Rule 26 activities pending resolution of their Motion to Dismiss. Also pending before the Court is Plaintiff's Motion for Discovery as to the State of Kansas (ECF No. 15). For the reasons set forth below, the State Defendants' Motion for Stay of Discovery is granted, and the Plaintiff's Motion for Discovery as to the State of Kansas is denied.

## I. Background Information

Plaintiff Clifton Jerel Jones brings this lawsuit against Defendants the State of Kansas, the District Court of Saline County, and the Department of Social and Rehabilitation Services. In his complaint, Plaintiff alleges that a court order requiring him to pay child support based upon his signature on a child's birth certificate violates his constitutional rights under 42 U.S.C. § 1983.[1]  In their Motion to Dismiss, the State Defendants argue that Jones' claims under 42

---

[1] Plaintiff's Complaint  (ECF No. 1).

U.S.C. § 1983 are precluded by the Eleventh Amendment.  More specifically, Defendants contend that under the Eleventh Amendment doctrine of sovereign immunity, non-consenting states may not be sued by private individuals in federal court, subject to a few narrow exceptions not applicable here.[2]  Additionally, Defendants argue that states and state agencies are not considered "persons" for purposes of 42 U.S.C. § 1983 liability.[3]

## II.  Standards for Ruling on a Motion to Stay Discovery and Immunity under the Eleventh Amendment

The Court has great flexibility in determining the time, manner and scope of discovery. Such flexibility allows the Court to create a discovery plan which best serves the interests of justice. The ability of the Court to impose appropriate limits on discovery is recognized in Fed. R. Civ. P. 26(b)(2).  The Court has the authority to tailor the discovery schedule to specifically fit the needs of a particular case.[4]  This is all under the general purview and mandate of Fed. R. Civ. P. 1, that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

The general policy in this district is not to stay discovery pending a ruling on a dispositive motion.[5]  However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided … where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be

---

[2] Defendant's Mem. Supp. Mot. to Dismiss (ECF No. 10) at 3 (citing *Ex Parte Young,* 209 U.S. 123 (1908);  *Opala v. Watt,* 454 F.3d 1154, 1157 (10th Cir. 2006) (citing *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001); and  *J.B. ex rel Hart v. Valdez,* 186 F.3d 1280, 1286 (10th Cir. 1999)).
[3] *Id.*
[4] *See* Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); Fed. R. Civ. P. 16(b)(3) (recognizing the Court's authority in a scheduling order to modify the timing of initial disclosures, to modify discovery, to set dates for pretrial conferences and to include "other appropriate matters").
[5] *Wolf v. United States,* 157 F.R.D. 494, 495 (D. Kan. 1994).

wasteful and burdensome."[6]  The United States Supreme Court has recently stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953-54 (2009), a case fairly closely on point, that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses.

## III.  Discussion

After carefully reviewing Plaintiff's complaint and Defendants' motion in light of the appropriate circumstances for granting a stay as articulated in *Wolf*, the Court finds that all three of the circumstances described in the *Wolf* decision are evident in the matter at hand. The State Defendants' Motion to Dismiss and supporting Memorandum urges dismissal on grounds primarily of Eleventh Amendment Immunity.  Eleventh Amendment immunity is in the nature of a jurisdictional bar.[7]  The Supreme Court's decision in *Iqbal* stands for the proposition that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity.[8] Eleventh Amendment immunity, likewise, is a bar to discovery.[9]  Denial of Eleventh Amendment immunity is so fundamental that it is an immediately appealable order to the Tenth Circuit.[10] A stay of discovery is appropriate because a ruling on the Motion to Dismiss will likely conclude Plaintiff's action and because discovery will not provide any information that could possibly affect the outcome of the ruling on the State Defendants' Motion to Dismiss. The issues raised in the Motion to Dismiss are questions of law, not of fact.

---

[6] *Id.*

[7] *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *AMISUB (PSL), Inc. v. Colorado Dept. of Soc. Servs.*, 879 F.2d 789, 792 (10th Cir. 1989) ("In essence, the fundamental principle of sovereign immunity embodied in the Eleventh Amendment limits the grant of federal jurisdiction in Article III.") (citing *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).

[8]  556 U.S. at 686 , 129 S. Ct. at 1953-54.

[9] *See Liverman v. Committee on the Judiciary, U.S. House of Representatives,* 51 Fed. Appx. 825, 2002 WL 31379892 (10th Cir., Oct. 23, 2002).

[10]*Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 143 (1993).

The Court finds that until the dispositive legal issues raised in the Motion to Dismiss are resolved, discovery and other Rule 26 activities in this *pro se* plaintiff case would be wasteful and burdensome to the Court and all parties involved.[11]

Because the court finds merit in the relief requested, the court will grant the State Defendants' motion, and thereby grant a stay of discovery.  The stay imposed will extend until the trial judge has ruled upon all motions to dismiss currently pending, or further order of the Court.

**IT IS THEREFORE ORDERED** that the State Defendants' Motion for Stay of Discovery (ECF. No. 13) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery (ECF Nos. 15) is denied.

Dated in Kansas City, Kansas on this 31st day of October, 2012.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

---

[11] *See Wolf,* 157 F.R.D. at 495 (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) and Fed. R. Civ. P. 1; 16 (recognizing the Court's right to control discovery-related activities)).