## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLIFTON JEREL JONES,**

**Plaintiff,**

                                            **Case No.12-2486-KHV-DJW**

**v.**

**STATE OF KANSAS,** *et al.,*

          **Defendants.**

### <u>ORDER</u>

This matter comes before the Court on the Motion for Discovery (ECF No. 21) filed by Plaintiff Clifton Jerel Jones. In his motion, Plaintiff asks the Court to order Defendant, Magana Craft P.A., to disclose the full contents of its file related to the underlying child support action. Defendant Magana Craft P.A. opposes discovery on the following grounds: (1) Plaintiff has failed to comply with Fed. Rule Civ. P. 34; (2) discovery is premature as the parties have not yet conferred as required by Federal Rule of Civil Procedure 26(f); and (3) Plaintiff is not entitled to the documents it seeks to the extent Plaintiff's request seeks documents protected by the attorney-client privilege and/or work product doctrine. For the reasons set forth herein, Plaintiff's Motion for Discovery is denied.

Plaintiff Clifton Jerel Jones brings this lawsuit against Defendants the State of Kansas, the District Court of Saline County, the Department of Social and Rehabilitation Services – hereinafter the "State Defendants"– and Magana Craft P.A. This Court, in an Order entered October 31, 2012,

1

granted the State Defendants' motion to stay discovery.[1]  In citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953-54 (2009), for the proposition that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses, this Court held:

> until the dispositive legal issues raised in the Motion to Dismiss are resolved, discovery and other Rule 26 activities in this *pro se* plaintiff case would be wasteful and burdensome to the Court and all parties involved.  Because the court finds merit in the relief requested, the court will grant the State Defendants' motion, and thereby grant a stay of discovery.  The stay imposed will extend until the trial judge has ruled upon all motions to dismiss currently pending, or further order of the Court.[2]

Consequently, this Court entered a stay of all pretrial proceedings until such time as the district judge rules on the pending motions to dismiss, or until the stay is otherwise lifted.  The district judge has not yet ruled on those motions, nor has the discovery stay been lifted by court order.  Accordingly, the discovery stay in this case is still in effect.

Furthermore, under Fed. R. Civ. P. Rule 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).  The Rule 26(f) conference has not yet occurred in this matter, so Plaintiff cannot yet seek discovery from his adversaries.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Discovery (ECF No. 21) is denied.

Dated in Kansas City, Kansas on this 26th day of November, 2012.

---

[1] *See* ECF No. 26.

[2] *Id.* at 4.

 s/ David J. Waxse
David J. Waxse
United States Magistrate Judge