# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLIFTON JEREL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2486-KHV |
| STATE OF KANSAS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Clifton Jerel Jones brings suit against the State of Kansas, the Saline County District Court, the Kansas Department of Social and Rehabilitation Services and Magana Craft P.A, asserting various civil rights deprivations in violation of 42 U.S.C. § 1983 and other claims. In his pro se complaint, Jones alleges that a birth certificate which he signed as father of a child is null and void because defendants failed to meet contractual obligations; that the Saline County District Court did not allow him a paternity test in connection with a child support hearing; that the Magana Craft law firm has sent him threatening letters in connection with overdue child support payments; that it is unconstitutional to order him to pay child support for an "illegitimate" child; that the Department of Social and Rehabilitation Services violated his constitutional right to contract and to religious freedoms; that a Kansas Senate bill destroys his religious freedoms; and that he has not been afforded due process. This matter is before the Court on Defendants State Of Kansas, District Court Of Saline County, And Department Of Social And Rehabilitation Services' Motion To Dismiss (Doc. #9) filed September 27, 2012. For substantially the reasons set forth by defendants, the Court sustains the motion.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as

true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**Facts**

The complaint alleges the following facts, which the Court recites verbatim.

Claim 1: On February 2, 2003, I signed a birth certificate for a child, LMJ. There was no full explanation given to me by anyone working for the hospital or the State of Kansas as to why it was important to sign the birth certificate. My reasons for signing were threats made by the hospital employees of being forced to deal with courts should I refuse to sign the birth certificate, and it is a simple process that the father is expected to sign the birth certificate, even though the couple is not married. It is my contention that the contract (birth certificate) which was signed is null and void due to the fact that contractual obligations were not met by the Defendants.

Claim 2: The District Court of Saline County sent papers to my home demanding my appearance in their court for a child support hearing. I do not remember the exact date. I simply remember it being around late 2004 or early 2005. I then responded by asking the court for a paternity test and to be lenient with the payments due to the fact I was unemployed. I also had an order to pay support for a previous child. Not only was I denied a paternity test, but the Judge ordered my payment to be substantially more than the first child. I was informed that since I signed the birth certificate, I was unable to receive help from the courts in obtaining a DNA test and was liable to any order the court should give me. The State of Kansas benefits from every man's signature on a birth certificate. Full disclosure was not met as I was completely unaware of the incentives the State of Kansas was to receive from the Government for Paternity Establishment Percentage.

Claim 3: [omitted][1]

Claim 4: I have been unable to gain legitimate employment with the fear of withholding orders. Once I obtain employment for a certain number of weeks, the State of Kansas places a withholding order on my income. I have a legitimate family to take care of. It is my contention that it is unconstitutional to order me to pay for an illegitimate child. As has been previously stated, the contract which obligated me to be liable to orders by any court in this matter is void thus, unenforceable by this Court. I recently communicated these thoughts with the Governor of Kansas, Sam Brownback. I also sent a courtesy copy to the District Court of Saline County.

Claim 5: In my communication with the Governor of Kansas, I made it known that these operations of the Department of Social and Rehabilitation Services go against my constitutional rights in regards to my right to make contracts with whomsoever I choose and my religious freedoms. The State of Kansas, in turn, attempts to enact Bill No. 79. The language of this Bill is in direct contrast with the spirit of the Constitution. It is my contention that any law or statute that violates the Constitution is void. Since their operation is in vain, all of the Defendants are liable for any damages done unto me.

Claim 6: Bill No. 79 destroys my religious freedoms. When speaking about the Bill, one Senator was quoted as saying, "They stone women to death in countries that have Shariah Law." If this Bill is not attacking Islam as the State of Kansas claims,

---

[1] "Claim 3" is limited to plaintiff's allegations with respect to defendant Magana Craft.

there is no reason to mention anything about my religion while discussing this Bill. This Bill undermines the idea of religious freedoms. The 1st Amendment clearly states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."

Claim 7: I have been afforded no true due process. As it clearly states on the top of the order signed by a State of Kansas Officer, STATE OF KANSAS...vs. CLIFTON L. JONES, the State of Kansas is the initiator/Plaintiff, an attorney contracted by the State of Kansas is the Plaintiff's attorney, and the judge who makes the orders all represent the State of Kansas. Coupled with the findings within Exhibit B, the operations executed against me in this matter by State of Kansas are entrenched in conflict of interest and have thus denied me due process of law.

Redacted Complaint (Doc. #1-1) at 3-4.

## **Analysis**

The State of Kansas, the Saline County District Court and the Kansas Department of Social and Rehabilitation Services[2] ("the State defendants") contend that Jones may not prosecute an action against them in federal court because the Eleventh Amendment bars private parties from suing a state in federal court unless the state has waived its immunity and consented to be sued. The State defendants assert that they have not consented to suit. They further assert that they are not "persons" subject to suit under 42 U.S.C. § 1983. Jones argues that this Court has jurisdiction by virtue of the Ninth Amendment, which he claims supersedes Eleventh Amendment immunity. He provides no support for his Ninth Amendment argument, however, and the Court finds no merit in the legal theory which plaintiff advances.

The Court rejects Jones's arguments. The United States Supreme Court repeatedly has held that the Eleventh Amendment bars suits against a state by its own citizens. E.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Missouri v. Fiske, 290 U.S. 18, 28 (1933). The immunity applies equally to state agencies. See Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home

---

[2] The Department of Social and Rehabilitation Services ("SRS") no longer exists in Kansas. Defendants assert that child support enforcement is now under the Department of Children and Families ("DCF") and that Executive Reorganization Order 41 automatically substitutes DCF for SRS. Plaintiff does not dispute this assertion.

Ass'n, 450 U.S. 147, 150 (1981). As for waiver, a state will be deemed to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman, 415 U.S. at 673 (internal citation omitted). No such language exists in any pronouncement by the State of Kansas. Lee v. McManus, 589 F. Supp. 633, 638 (D. Kan. 1984).

In addition, the State of Kansas and its agencies are not "persons" and thus cannot be sued under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

The State defendants are immune from suit under the Eleventh Amendment and as to these defendants, the complaint must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the Defendants State Of Kansas, District Court Of Saline County, And Department Of Social And Rehabilitation Services' Motion To Dismiss (Doc. #9) filed September 27, 2012 is **SUSTAINED**.[3]

Dated this 23rd day of April, 2013 at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge

---

[3] The Court construes plaintiff's Response To Various Pleadings Of Defendants State Of Kansas, District Court Of Saline County, And Social And Rehabilitation Services (Doc. #23) filed October 22, 2012, as a motion for leave to file a sur-reply to the State defendants' motion to dismiss. The Court grants the motion and has considered the contents as plaintiff's sur-reply.