# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CLIFTON JEREL JONES, )
)
      Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-2486-KHV
STATE OF KANSAS, et al., )
)
      Defendants. )
_____)

## MEMORANDUM AND ORDER

Clifton Jerel Jones brings suit against the State of Kansas, the Saline County District Court, the Kansas Department of Social and Rehabilitation Services and Magana Craft P.A, asserting various civil rights deprivations in violation of 42 U.S.C. § 1983 and other claims. In his pro se complaint, Jones alleges that the Magana Craft law firm has sent him threatening letters in connection with overdue child support payments.[1] This matter is before the Court on Defendant Magana Craft, P.A.'s Motion For Summary Judgment (Doc. #38) filed July 11, 2013. The motion is unopposed and for reasons set forth by defendant, the Court sustains the motion.

## Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535,

---

[1] The complaint also includes allegations against the State of Kansas, the Saline County District Court and the Kansas Department of Social and Rehabilitation Services, as recited in the Court's order sustaining their motion to dismiss. See Memorandum And Order (Doc. #28) filed April 23, 2013.

1538-39 (10th Cir. 1993). A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence. Liberty Lobby, 477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which he carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on his pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**Facts**

The following facts are deemed admitted because plaintiff has not responded to defendant's motion.

On February 3, 2003, plaintiff signed a birth certificate indicating that he was the father of a minor child, LMJ. On or about November 2, 2005, in-house counsel for the Kansas Department of Social and Rehabilitation Services ("SRS") filed a lawsuit against plaintiff in Saline County, Kansas seeking child support for LMJ. In a Journal Entry of Judgment dated December 15, 2005, the Saline County Court entered default judgment for support against plaintiff. That same day, the court also entered an order to withhold income for child support. SRS contracted with Magana Craft, a law firm, to enforce the child support judgment against plaintiff.

Plaintiff made some child support payments in 2008 and early 2009, but he was always in arrears. In February of 2009, Magana Craft sent domestic relations affidavits to plaintiff and to the custodial mother and requested that each complete and return the affidavits. Plaintiff returned his affidavit on or about April 6, 2009, indicating that he was unemployed. He did not attach supporting documents. In May of 2009, Magana Craft reviewed the case for possible modification of plaintiff's child support obligation. The firm could not complete the review because it had no accurate income or wage information for plaintiff. Magana Craft advised plaintiff that it could not proceed with the modification review but stated that it would conduct a review if plaintiff was working and provided proof of income.

On or about October 20, 2009, plaintiff advised Magana Craft that he was employed and he again requested a modification review. Accordingly, Magana Craft once again sent domestic relations affidavits to plaintiff and the custodial mother. Neither returned an affidavit, so Magana Craft could not proceed with a child support modification review. Plaintiff's child support obligation was not reduced, but it was not because the custodial mother failed to return her affidavit.

Plaintiff paid no child support from July of 2009 through 2012. By July of 2012, plaintiff was in arrears in the amount of $16,382.50. In July and August of 2012, Magana Craft sent correspondence to plaintiff which outlined possible legal ramifications if plaintiff failed to pay court-ordered child support. This correspondence identified SRS as Magana Craft's client.

Magana Craft had no knowledge of plaintiff's religious beliefs before he filed the complaint in this case, and none of the actions which it took with respect to plaintiff were based on his religious beliefs.

## **Analysis**

In its totality, plaintiff's claim against Magana Craft is as follows:

> Claim 3: Sometime in or around 2007, I received a letter in the mail from Magana Craft P.A. about potential adjustments in child support payments. I filled it out and returned it. I informed them that I am still having a hard time finding work and need a reduction. I was denied only to find out the reason I was denied is because the mother didn't return her correspondence to Magana Craft P.A. This showed Magana Craft P.A. has no regard for my rights. I did exactly what was asked of me, and was punished for the mother not responding. After this, I received threatening literature from Magana Craft P.A. Magana Craft P.A.'s liability in this matter is light, but their actions definitely warrant their inclusion in this complaint. Magana Craft P.A. has also recently sent me another threatening letter with talks of incarcerating me should I remain holding firmly to my rights.

Redacted Complaint (Doc. #1-1) at 3.

The complaint does not state a legal basis for Magana Craft's alleged liability to plaintiff and plaintiff has not responded to its motion for summary judgment. Pursuant to D. Kan. R. 7.4, the Court has the authority to sustain defendant's motion as uncontested. The Court has also reviewed the record in detail and finds that defendant's motion should be sustained on the merits. For the reasons set forth in defendant's memorandum, the Court finds that as a matter of law (1) plaintiff cannot establish that Magana Craft deprived him of rights secured by the Constitution and laws of the United States or that Magana Craft deprived him of such rights while acting under color of a

state statute in violation of 42 U.S.C. § 1983; (2) plaintiff cannot establish that Magana Craft conspired to deprive him of equal protection or equal privileges and immunity and thereby injured him in violation of 42 U.S.C. § 1985(3); (3) plaintiff cannot establish a claim for violation of his First Amendment right of freedom of religion; and (4) plaintiff is time-barred from bringing an action under Section 1983.  Defendant has demonstrated that it is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant Magana Craft, P.A.'s Motion For Summary Judgment (Doc. #38) filed July 11, 2013 be and hereby is **SUSTAINED**.

Dated this 11th day of December, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge